Daryl **PERRY**

v.

**CITY OF PHILADELPHIA, et al.**

Civ. A. No. 95–CV–6400.

United States District Court,
E.D. Pennsylvania.

Feb. 14, 1996.

---

Lawrence S. Krasner, Krasner & Restrepo, Philadelphia, PA, for plaintiff.

Shelley R. Smith, Assistant City Solicitor, City of Philadelphia, Claims Division, Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Daryl Perry, Plaintiff, and the City of Philadelphia, Defendant, have each filed discovery motions. Perry's Motion seeks to compel the City's Self–Executing Disclosures and seeks to deem admitted certain requests for admissions. The City not only opposes this Motion, but also seeks an order directing Lawrence Krasner, Plaintiff's attorney, to show cause why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c)(1)(B). In addition, the City seeks a protective order relieving it from answering Plaintiff's requests for production of documents and interrogatories and from any future discovery.

### Self–Executing Discovery

■ Plaintiff's Complaint was served, with a waiver of service of summons, on the City on October 24, 1995. Two days later, on October 26, 1995, Plaintiff served the City with his Self–Executing Disclosures (SED) under the Civil Justice Expense and Delay Reduction Plan § 4:01. In his SED, Plaintiff "demand[ed] compliance with Section 4:01 by all defendants within the time period set forth in Section 4:01(D)."

Generally, SED are due from a defendant within thirty days of serving its answer to the complaint; so in this case, within thirty days of December 22, 1995. § 4:01(a)(1)(D)(ii). Plaintiff, however, argues that by his 'demand' sentence, he referred to and invoked § 4:01(a)(1)(D)(iii). That section supersedes the general rule and makes SED due "within thirty (30) days after receiving from another party a written demand for early disclosure accompanied by the demanding party's disclosures." According to Plaintiff, therefore, the City's SED were due by November 25, 1995 and are now overdue.

The City contests Plaintiff's argument. It insists that there was no "written demand for early disclosure" and in that event, its responses were guided by the general rule, and therefore not due until January 22, 1996.

We agree with the City. We cannot read Plaintiff's demand as a demand for early disclosure because the demand sentence does not make any reference to early disclosure or otherwise direct the recipient to 4:01(a)(1)(D)(iii) as opposed to (D)(ii). For this reason, Plaintiff's Motion to Compel the City's SED is denied.

### Requests for Admission

■ At the same time that Plaintiff served his SED on the City, he also served Requests for Admissions. He contends that the responses were due thirty days after service, on November 25, 1995. He allows that at the latest, they would be due thirty days after he contends the SED were due, on December 26, 1995.

Again, the City objects. Section 4:01(b) states that "a party *may not* seek discovery from ... another party before the date [SED] have been made by, or are due from, such other party." (emphasis added). For this reason, the City contends, the Requests for Admission were premature and are not overdue.

Again, we agree and therefore deny Plaintiff's Motion to deem admitted the requests for admission.

*Interrogatories and Requests for Production of Documents*

 On January 12, 1996, Plaintiff served the City with Interrogatories and Requests for Production of Documents. The City objects to this discovery on the ground that it will take more than thirty days to fully comply. In addition, the City appears to object on the ground that Plaintiff waited until after it believed the City's SED were due to request this discovery and also on the ground that the requests were still premature.

Plaintiff has not responded to this Motion and under Local Rule of Civil Procedure 7.1(c), we may treat it as uncontested. We choose not to, however, and will address the merits of the City's request. Because of Plaintiff's waiver of service of summons and his failure to demand early disclosure, no discovery request could be made until January 22, 1996, when the City's SED were due. However, the discovery deadline in this action is February 15, 1996 and all discovery requests must be made in a manner that will assure their completion before the deadline. Therefore, any requests had to be served thirty days before February 15, 1996; i.e., by January 15, 1996, a week before discovery could be sought.

It appears that a combination of factors have contributed to a timing scenario that effectively precludes any discovery outside of the SED. In recognition of that, we hereby GRANT a sixty day extension to the dates established in this Court's November 1, 1995 Scheduling Order. This Court will not entertain any further requests for extensions. We also DENY the City's request for a protective order. Further, we direct all parties to respond to all outstanding discovery requests, forthwith, as if they were timely filed.

Because it appears that both sides are equally to blame for this discovery impasse, the City's request for an order to show cause under Rule 11 will be denied. Finally, we rule that the parties must bear their own fees and costs with respect to these motions and the responses thereto and exclude these expenses from any future petition for fees and costs. An appropriate Order follows.

## ORDER

AND NOW, this 14th day of February, 1996, upon consideration of Plaintiff's Motion to Compel Self–Executing Disclosures by the City of Philadelphia and to Deem Admitted by the City of Philadelphia Plaintiff's Requests for Admissions by Defendants—First Set and response thereto, the Motion is hereby DENIED, as explained in the attached Memorandum. Upon consideration of Defendant, City of Philadelphia's Motion for Protective Order, the Motion is hereby DENIED, as explained in the attached Memorandum. It is hereby FURTHER ORDERED that the dates established in this Court's November 1, 1995 Scheduling Order are hereby extended by sixty days. This Court will not entertain any further requests for extensions.